*In re* ALEXIS IVÁN AVILÉS VEGA, querellado.

*Número:* CP-94-249        *Resuelto:* 11 de octubre de 1996

---

628

Pedro A. Delgado Hernández, Procurador General, Carlos Lugo Fiol, Jackeline Novas Debién, Subprocuradores Generales, y Cynthia Iglesias Quiñones, Procuradora General Auxiliar, querellantes; Alexis I. Avilés Vega, pro se, querellado; Roberto Cruz Contreras, Comisionado Especial.

I

PER CURIAM: El 2 de agosto de 1993 el Procurador General nos sometió un informe relativo a una queja presentada por la Sra. Nydia Mercado Díaz contra el Lcdo. Alexis I. Avilés Vega. Previo una orden al efecto, el 8 de abril de 1994 le formuló una querella que consistía de cinco (5) cargos por alegada violación a los Cánones 18 (2 cargos),(¹) 9 y 12,(²) 19(³) y 20 del Código de Ética Profesional, 4 L.P.R.A.

---

(¹) "Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

*"Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable."* (Énfasis suplido.) Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

(²) *"El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto.* Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales. En casos donde ocurrieren tales ata-

Ap. IX,(⁴) e infringir los deberes de abogado en relación con sus compañeros de profesión.(⁵)

Contestada la querella, designamos Comisionado Especial al Lcdo. Rodolfo Cruz Contreras para que recibiera la prueba correspondiente. Cumplido ese trámite, del Informe del Comisionado surgen los hechos no contradichos siguientes.

---

ques o atentados, el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.

"El deber de respeto propio para con los tribunales incluye también la obligación de tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observen una actitud cortés y respetuosa." (Énfasis suplido.) Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

"Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. *Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.* Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente." (Énfasis suplido.) Canon 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

(³) *"El abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado."* (Énfasis suplido.) Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

(⁴) "Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.

"Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.

"*Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso* y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado." (Énfasis suplido.) Canon 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

(⁵) "La preservación del honor y la dignidad de la profesión y la buena relación entre compañeros es responsabilidad ineludible de todo miembro de la profesión legal y para ello *todo abogado debe observar con sus compañeros una actitud respetuosa, sincera, honrada y de cordialidad y cooperación profesional, velando siempre por el buen ejercicio de la profesión legal.*" (Énfasis suplido.) *Deberes del Abogado en relación con sus compañeros y su profesión,* Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

El 9 de enero de 1987 el Lcdo. Rafael E. García Rodón, representando a la señora Mercado Díaz, presentó en el Tribunal Superior una demanda por daños y perjuicios por mala práctica médica contra el Ashford Presbyterian Hospital y otros. Para esa fecha, el licenciado Avilés Vega ocupaba la posición de Asesor Jurídico en el *Bufete García Rodón, Correra Márquez y Valderas*. Fungió como tal hasta juramentar como abogado el 14 de enero de 1987.

El 23 de diciembre, el Dr. Elías Cheleuitte Samur, codemandado, solicitó al tribunal la desestimación del pleito conforme a la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, pues no se había contestado unos interrogatorios enviados el 8 de mayo. El tribunal (Hon. Pedro A. Pérez Pérez, Juez), por dictamen de 28 de diciembre, *notificado el 12 de enero de 1988, ordenó contestarlos dentro del término de diez (10) días*, o impondría sanciones.

El mismo día de esa orden, el licenciado Avilés Vega informó que los enviaría contestados en los próximos quince (15) días. Por Orden de 2 de enero de 1988, notificada el 28, el tribunal le recordó su dictamen de 29 de diciembre.

El 28 de enero, *pasado el término de diez (10) días,* el licenciado Avilés Vega informó que estaba enviando la Contestación a Interrogatorios. El 7 de julio presentó una moción para anunciar la toma de deposición al doctor Cheleuitte el 19 de agosto.

Con excepción de informar su nueva dirección postal y física, el licenciado Avilés Vega *no hizo gestión alguna ante el tribunal desde el 7 de julio de 1988 y durante todo el año 1989.* Por ello, el foro de instancia (Hon. William Fred Santiago, Juez) por orden de 1ro de febrero de 1990, notificada el 12 de febrero, requirió a las partes que dentro del término de diez (10) días expusieran las razones para no desestimar el caso y decretar su archivo.

El 26 de febrero de 1990, *pasado el término de diez (10) días,* el licenciado Avilés Vega presentó su Moción en Cum-

plimiento de Orden.([6]) Expresó que sólo faltaba tomar la deposición del doctor Cheleuitte y luego se podría señalar la conferencia con antelación al juicio. Esta última se celebró el 7 de agosto. A esa fecha, *todavía no se había sometido la deposición del doctor Cheleuitte.* Además, el licenciado Avilés Vega no había anunciado su perito médico. *Allí las partes pautaron la deposición para el 4 de septiembre y acordaron que el licenciado Avilés Vega tendría cuarenta y cinco (45) días improrrogables, luego de haber sido tomada la deposición, para anunciar el perito y notificar su informe. El tribunal aprobó dicho acuerdo y apercibió a las partes que de no cumplir, interrumpir o dilatar la realización de los acuerdos, impondría sanciones. El licenciado Avilés Vega no cumplió.*

El 11 de febrero de 1991 el tribunal emitió otra orden, notificada el 26 de febrero, en la que le requirió de nuevo a las partes exponer en diez (10) días las razones para no desestimar y archivar el caso, pues no se había efectuado trámite alguno durante los últimos seis (6) meses. Mientras, el 15 de febrero, el doctor Cheleuitte informó que se había confirmado su deposición para el *5 de marzo.*([7])

*Pasado el término de cuarenta y cinco (45) días para que el licenciado Avilés Vega anunciara su perito*, el doctor Cheleuitte solicitó, el 30 de abril, que se le ordenara a notificarlo o desistir de su causa de acción. La orden se dictó el 13 de mayo y se notificó el 29.

*No habiéndose contestado la orden*, el doctor Cheleuitte presentó una nueva moción el 30 de julio, en la que solicitó la desestimación. El tribunal dictaminó el 20 de agosto, notificado el 26, para requirirle al licenciado Avilés Vega que respondiera en veinte (20) días. *Tampoco contestó esa orden.*

---

([6]) La representación legal de los demandados presentó su moción el 22 de febrero, dentro del término dispuesto.

([7]) El licenciado Avilés Vega adujo que no se tomó antes porque el doctor Cheleuitte estaba en Houston, Estados Unidos, en un tratamiento médico.

El 9 de octubre el doctor Cheleuitte solicitó una vez más que se desestimara el caso. El 28 de octubre, el licenciado Avilés Vega compareció y solicitó treinta (30) días para presentar su perito.

El Tribunal Superior (Hon. Jeannette Tomasini Gómez, Juez) dictó una sentencia desestimatoria el 1ro de noviembre de 1991, notificada el 8.[8] Concluyó que la parte demandante había tenido suficientes oportunidades y que, según el expediente, nunca cumplió con las órdenes judiciales.

El licenciado Avilés Vega presentó la Moción de Reconsideración y Relevo de Sentencia el 25 de noviembre. Fue declarada "no ha lugar" el 26 de febrero de 1992.

## II

■ Los abogados son un componente esencial del sistema adversativo de impartir justicia. Como oficiales del tribunal, su función genera obligaciones y responsabilidades duales para los clientes y el tribunal. *In re Siverio Orta*, 117 D.P.R. 14, 18 (1986). En consecuencia, deben asegurarse que, en todos los casos en que intervienen, sus actuaciones ayuden a la justa, rápida y económica solución de las controversias.

■ Todo abogado debe "defender los intereses del cliente diligentemente". Canon 18 del Código de Ética Profesional, *supra*. Implica desplegar el mayor celo, cuidado y diligencia en la atención de los asuntos que se les hayan encomendado, respondiendo así a la confianza depositada en ellos. *Acevedo v. Compañía Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974). Deben la más estricta observancia a las órdenes judiciales. *In re Pérez Rodríguez*, 115 D.P.R. 810, 811 (1984); *In re Freytes Mont*, 117 D.P.R. 11, 13

---

[8] En cuanto a la moción presentada el 28 de octubre por el licenciado Avilés Vega, el tribunal dispuso "Académica. Véase Sentencia de 1 de noviembre de 1991".

(1986); *Acevedo v. Compañía Telefónica de P.R.*, supra, pág. 791. "Tiene adémas, que mantener a sus clientes informados sobre todo lo necesario, consultarle cualquier duda sobre asuntos que no caigan en el ámbito discrecional, y dentro de los medios permisibles, cumplir con sus instrucciones. Canon 19 del Código de Ética Profesional, *supra*. *In re Cardona Vázquez*, 108 D.P.R. 6, 18 (1978)." Véase *Colón Prieto v. Géigel*, 115 D.P.R. 232, 239–240 (1984).

■   Reiteramos que un abogado no tiene derecho de retención sobre los documentos del cliente. *Nassar Rizek v. Hernández*, 123 D.P.R. 360, 368 (1989); *In re Vélez*, 103 D.P.R. 590, 599 (1975). Cuando un cliente lo solicite, debe entregársele el expediente y todo documento relacionado con el caso.

## III

Los hechos revelan que el licenciado Avilés Vega faltó a algunos de estos deberes y responsabilidades.

*Primero*, no fue diligente en la tramitación del caso. Desobedeció, sin presentar justificación alguna, varias órdenes del tribunal de instancia e incumplió con el acuerdo de las partes, aprobado por el tribunal. Además, no realizó las encomiendas necesarias y razonables para conseguir un perito.[9] Se limitó a consultar un ortopeda y tratar de obtener los servicios de otros dos (2), sin éxito.[10] Sobre todo, *no notificó al tribunal de su dificultad para conseguir el perito.*[11]

*Tampoco le comunicó a la señora Mercado Díaz de la sentencia desestimatoria, sino hasta pasados quince (15)*

---

[9] Surge del testimonio del licenciado Avilés Vega que conocía que la contratación de un perito era medular para la tramitación del caso. T.E., págs. 73–74.

[10] En su testimonio, el licenciado Avilés Vega aceptó que el doctor Colón Coll comparte oficina con otros ortopedas, pero que *no lo consultó* por su propio conocimiento de que no hace peritaje. T.E., págs. 106–107.

[11] El propio licenciado Avilés Vega aceptó que no se le ocurrió solicitarle al tribunal que nombrara un perito del tribunal. Optó "por ver qué pasaba y mejor dejar a la casualidad de si a algún compañero le sugería un perito". T.E., págs. 108–109.

*días de la presentación de la moción de reconsideración.*([12])
Una determinación judicial que pone fin parcial o adjudica
totalmente la causa de acción y derechos, cae entre los
asuntos que han de ser informados de *inmediato* por el
abogado al cliente. *Colón Prieto v. Géigel*, supra, pág. 240.

*Segundo*, a pesar de que la señora Mercado Díaz le ha-
bía solicitado, mediante una carta, todos los documentos
relacionados al caso, el día de la vista aún no le había
entregado las radiografías ni el expediente del caso. Repe-
timos, una vez un cliente solicite la entrega del expediente,
el abogado está obligado a entregarlo de inmediato.

■    El licenciado Avilés Vega ofreció hacerse cargo de
la cantidad reclamada a la señora Mercado Díaz por la
Corporación Insular de Seguros. Ahora bien, fue finalizada
la vista ante el Comisionado Especial que le reembolsó la
suma que ella pagó a la corporación. Aunque la admisión
de responsabilidad civil y resarcimiento por el abogado
puede constituir un atenuante, *In re Pagán Ayala*, 117
D.P.R. 180, 187 (1986), la indemnización aquí se realizó
tardíamente.

Por los fundamentos antes expresados, *se dictará sen-
tencia para suspenderlo por tres (3) meses del ejercicio de la
abogacía en Puerto Rico.*

El Juez Asociado Señor Rebollo López no intervino. La
Juez Asociada Señora Naveira de Rodón se inhibió.

---

([12]) El Comisionado Especial concluyó que la señora Mercado Díaz conoció
acerca de la sentencia desestimatoria mediante una carta que le enviara la Corpo-
ración Insular de Seguros el 13 de octubre de 1992, en la cual le reclamaba honora-
rios y costas. Le reclamaron la cantidad de $4,418.43.