MC-96-24                                                           1

En el Tribunal Supremo de Puerto Rico

| IN RE: | |
|---|---|
| CARLOS M. ORTIZ VELAZQUEZ<br>        Querellado<br><br>        .V | Conducta<br>Profesional<br><br>TSPR98-42 |

Número del Caso: MC-96-24

Abogados Parte Querellante:

Hon. Carlos Lugo Fuiol
Procurador General

Lic. Cynthia Iglesias
Procuradora General Auxiliar

Abogados Parte Demandada: Querellado:

Lic. Felipe Benicio Sánchez Rivera
Lic. Fernando Carlo Gorbea

Abogados Parte Interventora:

Tribunal de Instancia:

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 4/15/1998

Materia:

        Este documento constituye un documento oficial del Tribunal
        Supremo que está `sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Ortiz Velázquez                    MC-96-24

**PER CURIAM**

San Juan, Puerto Rico a 15 de abril de 1998

**Los miembros de la profesión legal, individual y colectivamente, tienen la responsabilidad de velar por que los distintos procesos legales de la sociedad incorporen y consagren de manera efectiva y adecuada los principios de vida democrática y de respeto a la inviolable dignidad del ser humano. Para desempeñar esta responsabilidad la sociedad debe tener a su alcance todos aquellos servicios profesionales adecuados, de naturaleza legal, que sean necesarios. También es menester que todo abogado, como ciudadano y en su capacidad profesional, [...], actúe siempre de acuerdo al ideal expresado en el preámbulo de estos cánones.** (Enfasis suplido.) Preámbulo, Código de Etica Profesional, 4 L.P.R.A. Ap. IX.

I

El Sr. Julio Morales Nieves contrató los servicios profesionales del Lcdo. Carlos M.

Ortiz Velázquez para que éste lo representara en la tramitación de un procedimiento de revisión administrativa ante el antiguo Tribunal Superior, Sala de San Juan, en el caso <u>Morales Nieves</u> v. <u>Departamento de Hacienda</u>, Civil Núm. 87-2452.

En tal procedimiento se solicitaba la revisión de una resolución de la Junta de Apelaciones del Sistema de Administración de Personal, la cual resolvía que Morales Nieves no tenía derecho a que una reclasificación al puesto de Operador de Equipo de Procesar Datos II, que le concedió el Departamento de Hacienda, efectiva al 1ro. de mayo de 1983, fuera retroactiva al 1977, año en el cual éste comenzó a ejercer las tareas y deberes de dicho puesto.

El 11 de septiembre de 1987, el tribunal de instancia emitió una sentencia a favor del señor Morales Nieves concediéndole el remedio solicitado. No obstante, el día 14 de ese mismo mes y antes de notificarse la sentencia, el Departamento de Hacienda presentó una moción mediante la cual solicitó la desestimación del recurso de revisión interpuesto ya que nunca se le notificó copia del mismo. El tribunal de instancia acogió dicha moción como una solicitud de reconsideración, y el 18 de septiembre le concedió al recurrente (el señor Morales Nieves), <u>el cual continuaba bajo la representación del licenciado Ortiz Velázquez</u>, el plazo de diez (10) días para oponerse a la desestimación solicitada por el Departamento de Hacienda. El 6 de octubre el tribunal emitió una segunda orden, en esta ocasión sólo para recordarle que debía expresarse en torno a la moción de desestimación. Sin embargo, nunca se presentó contestación al respecto.

Ante la no comparecencia del recurrente, el tribunal de instancia infirió que su silencio equivalía a admitir, que en efecto, dejó de notificar copia del recurso de revisión al Departamento de Hacienda. Procedió entonces a emitir una Sentencia Enmendada el 28 de octubre mediante la cual desestimó el caso por carecer de jurisdicción.

Posteriormente, el licenciado Ortiz Velázquez presentó una renuncia de representación legal respecto al caso del señor Morales

Nieves. El tribunal, por su parte, calificó dicha renuncia como una académica porque desde el 28 de octubre se había dictado sentencia enmendada para desestimar dicho caso por falta de jurisdicción.

De otra parte, el 6 de abril de 1988, el señor Morales Nieves acudió al tribunal de instancia y presentó pro se una moción al amparo de la Regla 49.2 de Procedimiento Civil. Alegó que había tenido conocimiento de la sentencia que desestimó su caso en marzo, o sea, cinco (5) meses después de dictada, cuando fue al Centro Judicial en busca de información sobre éste y se percató de su archivo. El 11 de abril de 1988, el tribunal se expresó en cuanto a la moción y aclaró que en dos (2) ocasiones separadas se le había ordenado al licenciado Ortiz Velázquez (entonces abogado del señor Morales Nieves), que contestara las órdenes del tribunal, y éste nunca compareció.

Como resultado de todo lo anterior, el señor Morales Nieves presentó una queja contra el licenciado Ortiz Velázquez ante la Oficina del Procurador General. Alegó, en lo pertinente, que el abogado no cumplió con el deber de diligenciar de manera responsable y adecuada las gestiones referentes al caso contra el Departamento de Hacienda, ni con su deber de mantenerlo informado de los trámites del mismo.

El 23 de agosto de 1988, el señor Morales Nieves presentó una demanda de daños y perjuicios contra el licenciado Ortiz Velázquez también en el antiguo Tribunal Superior, Sala de San Juan, sobre los hechos antes expuestos. En vista de esto, la Oficina del Procurador se abstuvo de intervenir en la queja presentada hasta tanto el tribunal decidiera en cuanto a la acción incoada.[1]

El 20 de febrero de 1992, el foro de instancia dictó una sentencia y aprobó una estipulación mediante la cual dispuso lo siguiente: que el licenciado Ortiz Velázquez acordó pagarle al señor Morales Nieves treinta y cinco mil dólares ($35,000)(por acuerdo entre las partes tal

---

[1] Sobre este particular el Procurador General expresó que es política de su Oficina no intervenir con la presentación de cargos disciplinarios en aquellos casos cuyos hechos se encuentran **sub judice** ante un foro

cuantía fue reducida a treinta mil dólares ($30,000)) sin aceptar responsabilidad alguna; que Morales Nieves acordó renunciar a cualquier acción administrativa o cuasi judicial contra el licenciado Ortiz Nieves por impericia profesional por estos hechos y que los términos de la transacción tendrían carácter final y firme.

El licenciado Ortiz Velázquez incumplió con los términos acordados en la transacción. Así pues, el Procurador General, a instancias del señor Morales Nieves, reactivó la queja en contra del abogado. El 25 de junio de 1997, nos rindió un informe mediante el cual señaló que la conducta manifestada por éste era una censurable y ameritaba ser sancionada.[2]

El 18 de julio de 1997, concedimos al licenciado Ortiz Velázquez un término para que mostrara causa por la cual no debía ser disciplinado. Este compareció y alegó en lo pertinente, lo siguiente: que aunque omitió notificar el recurso por correo certificado al Departamento de Hacienda, sí notificó el mismo por correo regular; que una vez el Tribunal Superior desestimó la causa de acción en el caso sobre revisión administrativa, informó de inmediato y por escrito de lo acontecido al señor Morales Nieves; especificó, sin embargo, que no tiene prueba de lo anterior ya que el expediente alegadamente fue destruido; que ante la posibilidad de haberle afectado algún derecho a su cliente, optó por transar el caso de daños y perjuicios que fue incoado en su contra, esto sin la intención de que lo relevara de responsabilidad por su actuación en la tramitación del caso sobre revisión judicial y que no ha podido resarcir al señor Morales Nieves

con jurisdicción y competencia, para así no incidir con las decisiones que en su día dicho foro pueda emitir.
[2] El 5 de mayo de 1992, el señor Morales Nieves inició el proceso de cobro de sentencia, cursando pliego de interrogatorios al licenciado Ortiz Velázquez sobre descubrimiento de bienes al amparo de las Reglas 28, 34 y 51.4 de Procedimiento Civil. Al 3 de mayo de 1993, el licenciado Ortiz Velázquez aún no había sometido sus contestaciones a los referidos interrogatorios a pesar de las órdenes del tribunal dictadas al respecto. De otra parte, a la fecha del Informe del Procurador, el licenciado Ortiz Velázquez sólo había pagado cinco mil dólares ($5,000) de la transacción acordada.

el balance adeudado de la estipulación debido a que está pasando por una situación económica difícil.

## II

Los abogados son una parte esencial en el proceso de impartir justicia. Como parte de tal proceso tienen la ineludible encomienda de desempeñar su ministerio con la mayor competencia, responsabilidad e integridad. In re Córdova González, P.C. de 9 de marzo de 1994; 135 D.P.R. ___ (1994); 94 JTS 23, pág. 11577. Deben asegurarse, que sus actuaciones fomenten "la justa, rápida y económica solución de las controversias." In re Avilés Vega, P.C. de 11 de octubre de 1996; 141 D.P.R.___ (1996); 96 JTS 132, pág. 193. Es su obligación atender los intereses de su cliente, desplegando la mayor diligencia y cuidado en los asuntos que éste le ha encomendado. Canon 18 de Etica Profesional, 4 L.P.R.A. Ap. IX. Véanse, además: In re Avilés Vega, supra; Acevedo v. Compañía Telefónica P.R., 102 D.P.R. 787, 791 (1974). Además, tienen la responsabilidad de mantenerlo informado de todo asunto importante que surja en el desarrollo del caso. Canon 19 de Etica Profesional, supra. In re Maduro Classen, P.C. de 7 de noviembre de 1994; 137 D.P.R.___ (1994); 94 JTS 136, pág. 379; In re Cardona Vázquez, 108 D.P.R. 6, 18 (1978). Deben la más estricta observancia a las órdenes judiciales. Canon 9 de Etica Profesional, supra. Véase, además: In re Freytes Mont, 117 D.P.R. 11, 13 (1986).

Los abogados que, en el ejercicio de sus funciones, actúan con desidia, despreocupación, inacción, displicencia, no mantienen al cliente informado del desarrollo del caso, y permiten que la acción de éste sea desestimada, por no desplegar toda su habilidad y capacidad en beneficio de su representado, incurren en una seria violación de ética profesional, que podría conllevar la suspensión del ejercicio de la abogacía. Véanse, In re Pérez Padilla, P.C. de 15 de abril de 1994;

135 D.P.R.\_\_\_\_ (1994); 94 JTS 58, pág. 11817 e _In re Rosario_, 116 D.P.R. 462, 467 (1985).

## III

En el presente caso, es evidente, que la actuación del licenciado Ortiz Velázquez, se caracterizó por ser una de descuido y negligencia en el cumplimiento de sus obligaciones como abogado, en perjuicio de los mejores intereses de su cliente.

El licenciado Ortiz Velázquez, permitió que, por su falta de diligencia, se desestimara la acción de su cliente. Sin justificación alguna, desobedeció varias órdenes del tribunal de instancia. Tampoco mantuvo informado a su representado de las incidencias de su caso ni de la notificación de la desestimación de la acción. _In re Pérez Santiago_, P.C. de 1ro. de octubre de 1992; 131 D.P.R.\_\_\_\_(1992); 92 JTS 129, pág. 9978.

Por otra parte el licenciado Ortiz Velázquez tampoco ha cumplido con el acuerdo de indemnización que hizo con su cliente para dar fin al caso de impericia profesional. A excepción del pago que realizó en el 1992, éste no ha hecho pagos posteriores que demuestren su buena fe de cumplir con el compromiso contraído con su cliente y ante el tribunal de instancia. Sobre este particular hay que destacar, que el resarcimiento por el abogado a su cliente puede ser un atenuante, pero no lo dispensa de las violaciones éticas en las cuales incurrió. Tampoco precluye el ejercicio de nuestra facultad disciplinaria. Véanse, _In re Verdejo Roque_, P.C. de 18 de marzo de 1998; \_\_\_\_ D.P.R.\_\_\_\_ (1998); 98 JTS 30, pág. 711, e _In re Fernández Paoli_, P.C. de 6 de junio de 1996; 141 D.P.R.\_\_\_\_ (1996); 96 JTS 87, pág. 1258.

## IV

Por los fundamentos que anteceden, se dictará sentencia mediante la cual se suspenderá al Lcdo. Carlos M. Ortiz Velázquez del ejercicio de la profesión jurídica por el término de seis (6) meses y hasta que otra cosa disponga este Tribunal. El Alguacil del Tribunal se

incautará inmediatamente de su obra notarial para el trámite de rigor correspondiente por la Directora de Inspección de Notarías.[3]

Se dictará la correspondiente sentencia.

---

[3] Cabe mencionar que ésta no es la primera vez que la conducta del licenciado Ortiz Velázquez ocupa la atención de este Tribunal. Actualmente tiene una queja pendiente en el Caso Núm. AB-97-43.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Ortiz Velázquez                MC-96-24

SENTENCIA

San Juan, Puerto Rico, a 15 de abril de 1998

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se decreta la suspensión inmediata del Lcdo. Carlos M. Ortiz Velázquez del ejercicio de la profesión jurídica por el término de seis (6) meses y hasta que otra cosa disponga este Tribunal. El Alguacil del Tribunal se incautará inmediatamente de su obra notarial para el trámite de rigor correspondiente por la Directora de Inspección de Notarías.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo