

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | |
| | 2009 TSPR 146 |
| Edgardo Zapata Torres | 176 DPR _____ |
| | |

Número del Caso: CP-2007-19

Fecha: 24 de agosto de 2009

Oficina del Procurador General:

        Lcda. Minnie H. Rodríguez López

Abogado del Querellado:

        Lcdo. José Manuel Pérez Fernández

Materia: Conducta Profesional

        (Las suspensión será efectiva el 18 de sep tiembre de 2009, fecha en que se le notificó al abogado de su suspensión inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correccione s del proceso de compilación y publicación oficial de las decisio nes del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad. ?

?

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Edgardo Zapata Torres

CP-2007-19

*PER CURIAM*

San Juan, Puerto Rico, a 24 de agosto de 2009

El licenciado Edgardo Zapata Torres fue admitido al ejercicio de la abogacía el 8 de agosto de 1990 y al de la notaría el 4 de septiembre de 1990.

El 19 de junio de 2006 el señor Roberto Ortiz López presentó ante este Tribunal una queja en contra del licenciado Zapata Torres. En ésta nos informó que había contratado verbalmente los servicios de Zapata Torres para que lo representara en una demanda de divorcio que iba a instar en contra de su esposa, la señora Nelly L. Lewis. Alegó, que el licenciado Zapata no tramitó el caso de divorcio con la diligencia debida por lo que fue,

eventualmente, archivado sin perjuicio por el Tribunal de Primera Instancia.

Recibida la queja instada la referimos al Procurador General para evaluación e informe. Una vez recibimos el informe del Procurador General, donde indicaba que la actuación del licenciado Zapata se configuraba violatoria de los Cánones 12, 18 y 35 de Ética Profesional, ordenamos la presentación de la correspondiente querella. A esos efectos, el 13 de noviembre de 2007 el Procurador General presentó una querella en contra del licenciado Zapata Torres en la cual se le imputó tres cargos por violaciones a los Cánones 12, 18 y 35 de los Cánones de Ética Profesional, 4 LPRA Ap. IX.

Posteriormente, nombramos a la licenciada Crisanta González Seda como Comisionada Especial para que recibiera la prueba correspondiente y nos rindiera un informe con sus determinaciones y sus recomendaciones. Luego de celebrada la vista en su fondo en dicho caso, en la cual se recibió prueba testifical y documental que incluyó el testimonio del propio querellado así como el expediente del tribunal de instancia del pleito de divorcio, la licenciada González Seda nos rindió su informe con sus recomendaciones. En el informe presentado, la Comisionada Especial concluyó que el querellado había incurrido en las violaciones éticas imputadas.

Pasemos ahora a reseñar en detalle los hechos que le sirven de trasfondo a la queja instada, según los determinó la Comisionada Especial y según surgen de los autos.

II

La demanda de divorcio para la cual fue contratado el querellado se instó el 15 de abril de 2004. En ese momento, la señora Lewis residía en el estado de Kansas por lo que se solicitó que se expidieran los emplazamientos correspondientes y que se autorizara a emplazarla por edictos. La demanda se acompañó también con una moción solicitando remedios provisionales. El tribunal señaló una vista sobre fijación de pensión para el 4 de mayo de 2004 pero a ésta no compareció ninguna de las partes. El querellado, no obstante, se comunicó en ese momento telefónicamente con la Oficial Examinadora de Pensiones Alimenticias y le advirtió, entre otras cosas, que la señora Lewis residía fuera de Puerto Rico por lo que había solicitado que se autorizara el emplazamiento por edictos pero que el tribunal nada había dispuesto sobre esto. La Oficial Examinadora sometió su informe al foro primario en el cual informó que no se había expedido aun el emplazamiento en ese caso y de que había una solicitud de emplazar mediante edicto.

El 17 de mayo, el tribunal acogió el informe sometido respecto varios asuntos pero nada dispuso sobre la solicitud de emplazamiento por edicto. Del expediente del Tribunal de Primera Instancia surge una nota en la que se indica que la solicitud de emplazamiento por edicto del 15

de abril de 2004, **fue traída a la consideración del tribunal el 10 de noviembre de 2004.**

Días antes, el 5 de noviembre, el querellado había presentado una segunda moción solicitando la autorización de emplazamiento por edicto. Evidentemente, esta segunda moción se presentó siete meses más tarde de que se presentara la solicitud original. En el ínterin, el querellado no realizó gestión alguna para traer a la atención del tribunal que estaba pendiente la solicitud de emplazar por edicto y la de su expedición, según se desprende del expediente del caso de divorcio. Finalmente, el 17 de noviembre el tribunal dispuso para que se expidiesen los emplazamientos y se emplazara por edicto. El edicto, a su vez, se publicó en un periódico de circulación diaria el 11 de diciembre de 2004.

En enero de 2005, la esposa del quejoso le demandó en Kansas solicitando el divorcio.

El 29 de abril de 2005, transcurrido más de cuatro meses de la publicación del edicto, el señor Ortiz López presentó por derecho propio una moción ante el tribunal de instancia informando sobre el emplazamiento por edictos. El día 10 de mayo y notificada el 17 de mayo, el foro de instancia atendió la moción del 29 de abril dictaminando que se daba por enterado de la moción y que se evidenciara haber notificado el edicto y la demanda adecuadamente a la demandada. El 11 de mayo, el querellado presentó una moción ante dicho foro informando que el edicto y la demanda se enviaron a la demandada y que ésta no contestó.

El 20 de mayo, el tribunal se dio por enterado de esta última moción y le ordenó al demandante que cumpliese con la orden del 10 de mayo.

El 13 de junio de 2005, el señor Ortiz López compareció nuevamente por derecho propio ante el foro primario e informó que no podía evidenciar el envío por correo certificado de los documentos, más sometió una carta del abogado de su esposa en la que se indicaba que ella recibió los documentos.

El 23 de junio, el foro primario archivó el caso sin perjuicio por haber expirado en exceso el término de seis meses sin que se hubiese diligenciado el emplazamiento, ni presentado documento alguno adicional en el caso lo cual demostraba falta de interés de las partes. La sentencia dictada se archivó en autos el 29 de junio de 2005. Dos días más tarde, el quejoso compareció por derecho propio y presentó una moción urgente notificando el emplazamiento por edicto y la evidencia de notificación por correo certificado de la demanda. De los documentos presentados se desprende, sin embargo, que el edicto se publicó el 11 de diciembre de 2004 y la notificación se efectuó el 28 de diciembre, ello, en exceso de los diez días desde la publicación del edicto que exige la Regla 4.5 de Procedimiento Civil.

Ante este hecho, el 8 de julio, el tribunal de instancia dictó una orden en la que hizo constar que la notificación del emplazamiento y la demanda fue tardía. Indicó que ya se había notificado sentencia que lo que

correspondía hacer era comenzar el procedimiento nuevamente. El 15 de julio, el licenciado Zapata presentó una moción de reconsideración indicando que el edicto se publicó el 11 de diciembre y que se envió por correo certificado sin que la demandada hubiese contestado la demanda. No se adujo razón alguna para la dilación en la notificación de la demanda por correo certificado, lo que no le permitió al foro de instancia dictaminar si hubo o no justa causa para la dilación y concluir que tenía jurisdicción el tribunal. El tribunal dispuso un no ha lugar a la solicitud de reconsideración el 21 de julio, notificada el 2 de agosto de 2005.

El 17 de agosto de 2005, cuando ya la sentencia dictada por el foro primario era final y firme, el querellado presentó una segunda moción de reconsideración en la cual no se indicó nada nuevo a lo dicho previamente. El foro primario proveyó no ha lugar a la segunda solicitud de reconsideración el 30 de agosto, notificada el 8 de septiembre. El 10 de octubre de 2005, el licenciado Zapata presentó un recurso de apelación ante el Tribunal de Apelaciones. El 30 de mayo de 2006, el foro apelativo intermedio desestimó, mediante sentencia, el recurso presentado por falta de jurisdicción. En la sentencia dictada el tribunal consignó que el caso reflejaba un alto grado de desatención de parte del demandante. Valga señalar, que el quejoso también presentó por derecho propio unos escritos ante el Tribunal de Apelaciones.

Durante la vista ante la Comisionada Especial designada, el licenciado Zapata informó que él le ofreció al quejoso, en varias ocasiones, renunciar al caso pero el quejoso no lo aceptó sino hasta junio de 2006, cuando ya el foro apelativo había desestimado la apelación presentada. Éste, no obstante, no presentó ninguna moción a esos efectos ante ninguno de los foros judiciales en los cuales se ventilaba el caso del señor Ortiz López. Al momento de cesar la relación abogado cliente, el pleito de divorcio en Kansas no se había finiquitado. En la vista ante la Comisionada Especial, el querellado informó también que cobró $300 por sus gestiones y que cooperó con el quejoso traduciendo varios documentos para el trámite judicial que se ventilaba en Kansas. Expresó además estar arrepentido de su conducta. El quejoso no testificó en la vista ante la Comisionada por lo que se desconoce si se presentó un nuevo procedimiento ante los tribunales en Puerto Rico.

A base de los hechos aquí relatados, la Comisionada Especial encontró probados las violaciones éticas imputadas. Concurrimos con su criterio.

### III

En infinidad de ocasiones hemos resaltado que los Cánones de Ética Profesional tienen como objetivo propiciar que los abogados se desempeñen, profesional y personalmente, acorde con los más altos principios de conducta decorosa para beneficio de la profesión, de la ciudadanía en general, y para las instituciones de justicia del país. *In re Pujol Thompson*, res. 19 de junio de 2006,

169 DPR ___, 2006 TSPR ___. Ese es el norte que nos guía al atender casos como el de autos.

El Canon 18 de Ética Profesional dispone que es deber ineludible del abogado atender y defender los derechos de su cliente diligentemente, desplegando en cada caso sus conocimientos y sus habilidades de aquella forma que la profesión jurídica en general estime adecuada y responsable. Este canon constituye una barrera que impide asumir la representación legal de un cliente cuando se entiende que no se tienen la capacidad para representarlo de forma adecuada, competente e idónea. De otra parte, la desidia, el desinterés, la inacción y la displicencia como patrón de conducta en la representación del cliente, son claramente violatorias de las disposiciones del Código de Ética Profesional. *In re Padilla Pérez*, 135 DPR 70 (1994).

Hemos sido consistentes en indicar que aquellas actuaciones de un abogado que conlleven o puedan conllevar la desestimación o archivo de un caso se configuran violatorias al Canon 18. *In re Hoffman Mouriño*, res. 7 de mayo de 2007, ___ DPR ___, 2007 TSPR 115. Igualmente ocurre con permitir que expire el término prescriptivo o jurisdiccional de una acción, así como desatender o abandonar un caso. Y es que hemos considerado que asumir la representación de un cliente, a sabiendas que no se puede rendir una labor idónea, o que el abogado no puede prepararse para el caso sin que ello apareje gastos o demoras irrazonables para el cliente o la administración de la justicia, son conductas sancionables. *In re Meléndez*

*Figueroa*, res. 15 de noviembre de 2005, 166 DPR ___, 2005 TSPR 177; *In re Marini Román*, res. 6 de octubre de 2005, 165 DPR ___, 2005 TSPR 148.

Cuando el abogado incumple injustificadamente con las órdenes del tribunal, falta a su deber de notificar al cliente sobre las incidencias del caso, y por su descuido y negligencia, se desestima la reclamación del cliente, incurre en violación al Canon 18. *In re Ortiz Velázquez*, 145 DPR 308 (1998).

El Canon 12 de Ética Profesional, por su parte, le impone al abogado el deber de tramitar las causas de forma responsable, con puntualidad y diligencia. El Canon dispone específicamente que, "[e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos, ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas." Esto implica que el abogado debe desplegar todas las diligencias necesarias para asegurar que no se causen dilaciones indebidas en la tramitación de un caso y su eventual solución.

En atención a ello, la incomparecencia injustificada a las vistas señaladas por el tribunal ocasionando la suspensión de la vista, lo que conlleva la dilación injustificada de los procesos y supone que se incurra en gastos innecesarios, se configura como una violación a este canon. Véanse, *In re López Montalvo*, 2008 TSPR 42; *In re Rosado Nieves*, 159 DPR 746 (2003).

Finalmente, el Canon 35 de Ética Profesional, establece, en lo pertinente, que la conducta de cualquier

miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada. Allí se dispone que no es sincero ni honrado utilizar medios que sean inconsistentes con la verdad y que no se debe inducir al juzgador a error utilizando artificios o una falsa relación de hechos o de derecho.

Este precepto le impone al abogado unas normas mínimas de conducta, indispensables para promover el honor y la dignidad de la profesión. *In re López de Victoria*, 168 DPR ___ (2004). Hemos enfatizado que todo miembro de la profesión legal debe cumplir con los deberes de sinceridad, de exaltación del honor y la dignidad de la profesión. En virtud de ello, el abogado que provee al tribunal información falsa o que no se ajuste a la verdad, o que oculte información que deba ser revelada, incumple con este canon. No es defensa, en estos casos, que no se haya obrado de mala fe o deliberadamente, ni con intención de engañar, como tampoco lo es que no se le haya causado daño a un tercero. *In re Astacio Caraballo*, 149 DPR 790 (2000).

IV

A la luz de los hechos antes reseñados y del derecho aplicable en este caso, concurrimos con la Comisionada Especial en que el licenciado Zapata incurrió en conducta violatoria de los Cánones 12, 18 y 35. Los hechos según determinados por la Comisionada demuestran que el querellado no ejerció el cuidado y diligencia necesarios en la gestión que le fue encomendada. No hay controversia

alguna en que no se cumplió con el término que disponen las Reglas de Procedimiento Civil para emplazar, ni se justificó de forma alguna la dilación en el cumplimento con dicho procedimiento. Una vez el abogado presentó la demanda de divorcio y la moción solicitando que se autorizara el emplazamiento por edicto éste se desentendió completamente del caso, hasta que transcurrió el término de seis meses para diligenciar el emplazamiento. Véase, Regla 4.3 de Procedimiento Civil.

El querellado informa que compareció en varias ocasiones a la Secretaría del tribunal de instancia para ver si se habían expedido los emplazamientos. Lo cierto es que en el récord no hay moción alguna dirigida al tribunal advirtiendo de esta situación y de la necesidad de que se actuara prontamente para evitar que transcurriera el término reglamentario para el diligenciamiento. No es aceptable que la primera moción que se presentara sobre este particular, se radicara siete meses después de presentada la demanda original.

Tal y como señala la Comisionada, es cierto que del expediente del caso ante el foro de instancia se desprende que la Secretaría del Tribunal de Primera Instancia no llevó a la atención del juez oportunamente la moción solicitando la expedición del emplazamiento por edicto. Ello, sin embargo, no justifica que en el ínterin el querellado no efectuara gestión alguna sobre este asunto. La posible falta de diligencia de la Secretaría no justifica la propia. Adviértase que tan pronto este asunto

fue traído a la atención de la juez de instancia, ésta actuó diligentemente expidiendo los emplazamientos y autorizando el emplazamiento por edictos.

Como indicamos, el foro primario finalmente ordenó se expidiesen los emplazamientos y autorizó el emplazamiento mediante edicto. Sorprendentemente, el querellado vuelve a incumplir con los términos de las Reglas de Procedimiento Civil en esta ocasión, con la Regla 4.5 que regula el término para notificar a un demandado emplazado por edicto, la publicación del edicto y la copia de la demanda, como tampoco se adujo justa causa para dicho incumplimiento. Esto provocó que se desestimara, aunque sin perjuicio, la demanda de divorcio. Esta conducta está reñida con los Cánones 12 y 18 de Ética Profesional.

Sobre este asunto, citamos del informe de la Comisionada, pues concurrimos con su apreciación: "El querellado alega que fue el cliente, quien por su formación de militar quiso tener el control del caso, quiso llevar los edictos, pagarlos y realizar las gestiones relacionadas con éstos. Tales justificaciones no son aceptables, ya que las obligaciones éticas son indelegables y ningún abogado puede descansar en que el cliente asuma su responsabilidad de velar por el incumplimiento con los términos y órdenes de los tribunales y organismos ante los que realizan sus funciones de representantes legales. Menos aún, cuando tal actuación puede, como en este caso, ocasionar dilaciones y la desestimación del caso." Nada más tenemos que añadir a lo dicho acertadamente por la Comisionada Especial, salvo,

que nos parece inverosímil que se pretenda justificar un claro incumplimiento con una disposición legal y con las obligaciones éticas del abogado aduciendo que la responsabilidad recaía *de facto* sobre el cliente y no sobre él.

Por otro lado, el abogado de epígrafe presentó una apelación ante el Tribunal de Apelaciones del archivo del caso por el foro inferior fuera del término que proveen las reglas lo que provocó que se desestimara la apelación por falta de jurisdicción. La única explicación del querellado para esta dilación es que el quejoso ya tenía otra abogada y que él se comunicó con ésta, le envió los documentos al quejoso y que no cobró por la apelación.

Como ya apuntamos, es deber de todo abogado salvaguardar el derecho a recurrir en alzada de una determinación adversa para el cliente, por lo que permitir que transcurra el término de apelación entraña, de suyo, una violación al deber de diligencia de todo abogado. Como regla general, y en ausencia de un convenio sobre el particular, un abogado que actúa como tal en la celebración de unos trámites judiciales a nivel de instancia, no tiene la obligación para con su cliente de continuar como abogado en los trámites de apelación una vez se dicte sentencia. Ello no quiere decir, sin embargo, que no deba proteger el derecho de su cliente a apelar. Esta obligación existe al margen del acuerdo pactado, pues es corolario del deber de diligencia y de ofrecer una labor idónea y responsable para con un cliente. De más está decir, que el hecho que no

cobrar por su gestión en alzada no lo releva del cumplimiento con sus obligaciones éticas.

La inacción y dilación de parte del querellado en este caso, evitó que el tribunal pudiese adquirir jurisdicción sobre la parte demanda quien no contestó la demanda presentada y en su lugar presentó la propia en Kansas. Ello a su vez, obligó al quejoso a contratara representación legal para que atendiera el caso en Kansas.

Los hechos aquí relatados demuestran que el querellado no pudo rendir una labor idónea ni competente. Obligó a que su cliente tuviese que incurrir en gastos adicionales a los pactados originalmente para tramitar su divorcio, además que provocó que éste perdiera tiempo en la eventual solución de su caso. En la tramitación del caso el querellado incumplió con los términos para el emplazamiento por edictos, con la Regla 47 de Procedimiento Civil sobre la reconsideración y el término de apelación de una sentencia ante el Tribunal de Apelaciones. Su displicencia obligó a su cliente a acudir por derecho propio en más de una ocasión a los tribunales, quien evidentemente no tenía los conocimientos de la ley y de los procesos para hacerlo. Todo lo cual apunta a violaciones a los cánones 12 y 18 de Ética Profesional.

De otra parte, las actuaciones del querellado también se apartan del deber que tiene todo abogado de exaltar el honor y la dignidad de la profesión exigencia del Canon 35 de Ética Profesional. La información que el querellado le ofreció al tribunal de instancia de que había notificado el

edicto y la demanda a la parte demandada sin acreditarlo como exige la regla y la no disponibilidad de dicha evidencia cuando el tribunal así lo solicitó, para luego someter evidencia de una notificación tardía, son actuaciones que faltan a los deberes que impone el Canon 35 de Ética Profesional.

Por las razones que hemos mencionado, no albergamos duda que el licenciado Zapata Torres incurrió en violaciones a los Cánones 12, 18 y 35 de Ética Profesional, en la tramitación del caso de divorcio del quejoso.

Al determinar la sanción disciplinaria que habrá de imponerse a un abogado que haya incurrido en conducta reñida con los postulados éticos que guían el desempeño en la profesión legal, podemos tomar en cuenta los siguientes factores: (i) la buena reputación del abogado en la comunidad; (ii) el historial previo de éste; (iii) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente; y (vii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien a tenor con los hechos. Véase, *In re Quiñones Ayala*, 164 D.P.R. ___ (2005); *In re Montalvo Guzmán*, 164 D.P.R. ___ (2005); *In re Vélez Barlucea*, 152 D.P.R. 298, 310-11 (2000); *In re Padilla Rodríguez*, 145 D.P.R. 536 (1998). Estos criterios nos sirven de guía al determinar la sanción que procede imponer.

Sopesado los criterios anteriores enumerados, consideramos que la conducta desplegada por el licenciado Zapata Torres denota displicencia y falta de atención a los términos provistos en el ordenamiento procesal civil. Ello provocó, primero, que se desestimara la demanda instada originalmente, y luego, al acudir al foro apelativo intermedio, la desestimación por falta de jurisdicción habida cuenta que dejó transcurrir el término apelativo correspondiente. Este proceder obligó al quejoso a contratar nueva representación legal tanto en Puerto Rico así como en Kansas habida cuenta que allá la señora Lewis instó un pleito de divorcio en su contra. Por otro lado, del expediente surge que el querellado no le cobró al quejoso como tampoco cobró por la traducción de documentos del caso para que se utilizaran en el procedimiento que se ventilaba en Kansas. Sobre este proceso la Comisionada no pudo determinar cuál fue el resultado pues el quejoso no testificó durante la vista celebrada.

Considerando lo anterior, ordenamos la separación inmediata del ejercicio de la abogacía del licenciado Edgardo Zapata Torres, por el término de **dos meses**, contados a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos al licenciado Zapata Torres el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y

administrativos del país.  Además deberá certificarnos dentro del término de **treinta (30) días**, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Se emitirá sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

                                    CP-2007-19
Edgardo Zapata Torres


                            SENTENCIA

San Juan, Puerto Rico, a 24 de agosto de 2009

        Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorpora íntegramente a la presente, ordenamos la separación inmediata del ejercicio de la abogacía del licenciado Edgardo Zapata Torres, por el término de **dos (2) meses**, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

            Le imponemos al licenciado Zapata Torres el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de **treinta (30) días**, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

        El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de Edgardo Zapata Torres, debiendo entregar las mismas a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se ordena a su vez que esta Opinión *Per Curiam* y Sentencia sea notificada personalmente al Lcdo. Edgardo Zapata Torres por la Oficina del Alguacil de este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  La Jueza Asociada señora Pabón Charneco no interviene.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo