*In re* CARLOS ROCA ROSSELLI, querellado.

*Número:* CP-2003-15          *Resuelto:* 1 de abril de 2004

*Roberto J. Sánchez Ramos*, procurador general, y *Edna Evelyn Rodríguez Benítez*, procuradora general auxiliar, querellantes; *Carlos Roca Roselli*, abogado querellado, quien comparece por derecho propio.

PER CURIAM: Hoy nos compete atender una querella contra un abogado que aceptó la representación legal de su cliente, en un litigio de naturaleza laboral, asumiendo que la reclamación del demandante no iba a prosperar. Contrario a sus predicciones, la sentencia del Tribunal de Primera Instancia fue adversa al cliente. No obstante, el abogado le notificó a su cliente sobre el fallo de instancia cuando ya había vencido el plazo para solicitar su reconsideración y poder así acudir en apelación a un foro de mayor jerarquía. Hemos estudiado el expediente personal del abogado, así como el informe del comisionado especial, en conjunto con el expediente de la querella, y por las razones que exponemos a continuación resolvemos que esta conducta viola los Cánones 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. A continuación exponemos los hechos que motivaron la presentación de esta querella, según expuestos en el informe sometido por el Comisionado Especial el 24 de junio de 2003.

## I

El Lcdo. Carlos Roca Rosselli fue admitido al ejercicio de la profesión legal el 28 de diciembre de 1983. Desde antes de su admisión se desempeñaba como catedrático de la Universidad de Puerto Rico. Después de convertirse en abogado, continuó dedicándose a la cátedra; por lo que su práctica legal es limitada.

En 1995 el Sr. Francisco Caamaño instó una demanda sobre despido injustificado en el entonces Tribunal de Distrito, Sala de Arecibo, contra Arecibo Business Machines (caso Núm. CD 1995–954). La Sra. Margarita Carrucini y su hijo, el Sr. Waldo Vázquez Carrucini, dueños del negocio Arecibo Business Machines, contrataron los servicios profesionales del licenciado Roca para que los representara en ese litigio, porque éste tenía conocimiento de asuntos laborales. La contratación fue verbal. La señora Caruccini

pagó al licenciado Roca seiscientos dólares en concepto de honorarios y su hijo le pagó una suma adicional no especificada en la prueba.

El licenciado Roca aceptó la representación legal, porque entendía que era un caso sencillo y anticipaba que la decisión del tribunal de instancia sería favorable a la señora Caruccini y a su hijo. Aunque él tenía conocimiento sobre asuntos laborales, dedicaba la mayor parte de sus esfuerzos a la docencia y no contaba con experiencia representando casos en apelación o revisión. A pesar de que era consciente de que si asumía la representación legal podría surgir la necesidad de recurrir de cualquier dictamen adverso, no contemplaba esa posibilidad, ya que a base de la información que le proveyó la señora Caruccini, el empleado que la había demandado debía ser considerado como "gerente" bajo las disposiciones legales laborales. Por esa razón entendió que la demanda instada en contra de su cliente no debía prosperar.

El Tribunal de Primera Instancia celebró la vista en su fondo, y el 30 de diciembre de 1996 emitió una sentencia adversa a los clientes del licenciado Roca. El 22 de enero de 1997 se archivó en autos copia de la notificación.

A principios de enero de 1997, el licenciado Roca viajó a Boston, Massachussets, por motivo de la grave enfermedad de su hijo.[1] A pesar de que representaba a la señora Caruccini en el pleito laboral y se había ausentado del país, el licenciado Roca no le notificó de ello a la Sala del Distrito de Arecibo del Tribunal de Primera Instancia ni a sus clientes. Tampoco hizo arreglos para que alguna persona recogiera la correspondencia profesional que recibía en un apartado de correo de la Universidad de Puerto Rico. La ausencia del país, que había anticipado que duraría una semana, se extendió durante dos.

El viernes 24 de enero de 1997, el licenciado Roca re-

---

[1] Posteriormente, su hijo Luis Mario Roca, q.d.e.p., murió como consecuencia de dicha enfermedad.

gresó a Puerto Rico, y al lunes siguiente fue a recoger su correspondencia. En ese momento se enteró de la sentencia adversa emitida contra su cliente.[2] El licenciado Roca no solicitó una reconsideración ni inició ninguna acción encaminada a recurrir de la sentencia, pues desconocía sobre la práctica apelativa. Pocos días después, el licenciado Roca comenzó a laborar como asesor del capítulo de Puerto Rico de la Cruz Roja Americana; mientras tanto, continuó su cátedra universitaria.

No fue sino hasta principios de marzo de 1997 cuando el licenciado Roca notificó a sus clientes de la sentencia del foro de instancia.[3] Para esa fecha ya había vencido el término para recurrir a un foro de mayor jerarquía. Durante ese mismo mes le entregó a sus clientes el expediente del caso.

El 27 de marzo de 2002, la señora Carrucini y el señor Vázquez presentaron una queja contra el licenciado Roca, en la que le imputaron negligencia profesional en la defensa del caso *Francisco Caamaño v. Arecibo Business Machines, et. al*, Civil CD 1995-954. Según ellos, el abogado no presentó la prueba necesaria para derrotar y controvertir las alegaciones y la prueba que la parte demandante presentó contra ellos durante el juicio. Además, alegaron que, cuando el licenciado Roca les notificó que la sentencia emitida en el caso les había sido adversa, les entregó su expediente y renunció a la representación profesional, ya los términos para reconsiderar o apelar habían vencido.

Luego de presentar dos informes y de contar con más

---

[2] Aunque durante la vista el licenciado Roca declaró que, cuando regresó a Puerto Rico había expirado el plazo para pedir la reconsideración, lo cierto es que no había transcurrido dicho término.

[3] El Comisionado Especial aclara en su informe que en la vista en su fondo el licenciado Roca, "luego de un breve titubeo, indicó que no estaba seguro si notificó a las clientes sobre la sentencia a fines de enero o fines de febrero". Informe del Comisionado Especial de 27 de febrero de 2004, pág. 5 esc. 6. La versión de la señora Caruccini, quien testificó que fue en el mes de marzo cuando conoció de la sentencia en su contra, le mereció mayor crédito al Comisionado Especial. Ante estos testimonios conflictivos, el Comisionado adjudicó, como le correspondía, la cuestión de credibilidad. *In re Morales Soto*, 134 D.P.R. 1012 (1994).

evidencia y con la reacción del licenciado Roca, el 10 de junio de 2003 el Procurador General presentó la querella contra el abogado, la cual consiste de un solo cargo, a saber:

El Lcdo. Carlos Roca Rosselli violentó los principios de diligencia e información establecidos en el Canon 18 de los de Ética Profesional, al notificar tardíamente sobre una sentencia que le era adversa a sus clientes y al no salvaguardar el derecho a apelar de éstos. Querella, pág. 1.

El 24 de junio de 2003 el licenciado Roca contestó la querella presentada en su contra. En ella señaló que, de haber cometido alguna falta, su negligencia consistió en no informar al tribunal de instancia de su viaje fuera de Puerto Rico, que en lugar de una semana se prolongó por dos semanas. Además, alegó que, cuando fue a informar a su cliente sobre la sentencia, renunció a su caso y le recomendó que buscara un abogado con conocimiento en práctica apelativa.

El 30 de junio de 2003 nombramos como comisionado especial al Hon. Enrique Rivera Santana, quien celebró una vista en su fondo para dilucidar la querella, el 21 de enero de 2004. El procurador general, representado por la licenciada Rodríguez Benítez, presentó el testimonio de la Sra. Margarita Caruccini y sometió el caso con dicho testimonio y el expediente de la queja. Por su parte, el licenciado Roca compareció por derecho propio y dejó sometido el caso con su testimonio.

El 27 de febrero de 2004 el Comisionado Especial sometió su informe, el cual contiene las determinaciones de hechos en que hemos basado nuestra decisión. Según el Comisionado, a pesar de que el Procurador General tan sólo imputó al licenciado Roca la violación al Canon 19 del Código de Ética Profesional, *supra*, la conducta imputada también configura prohibiciones al Canon 18, *supra*, debido a la notificación tardía de la sentencia. Según él, aunque la violación a este canon "no estuviera especificad[a]

en el cargo, éste quedó enmendado por la prueba presentada por el propio querellado".

## II

■ El Canon 18 del Código de Ética Profesional, *supra*, dispone, en lo que nos concierne:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

■ Al interpretar este canon hemos establecido que un abogado que, luego de aceptar un caso, no demuestra la competencia y diligencia que exige la práctica de la abogacía ni mantiene informado a su cliente de los desarrollos del caso, incurre en una seria violación de la ética profesional. *In re Arroyo Rivera*, 148 D.P.R. 354 (1999); *In re Verdejo Roque*, 145 D.P.R. 83 (1998).

■ Por otra parte, el Canon 19 del Código de Ética Profesional, *supra*, claramente establece que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". De no hacerlo incurre en conducta irresponsable que viola la ética profesional. *In re Rosario*, 116 D.P.R. 642 (1985); *In re Acosta Grubb*, 119 D.P.R. 595 (1987); *In re Cardona Vázquez*, 108 D.P.R. 6 (1978). Precisamente, en *In re Ayala Torres*, 150 D.P.R. 288 (2000), reiteramos que uno de los asuntos importantes a los que se refiere el citado Canon 19 comprende la notificación al cliente de que se dictó sentencia. Esta notificación ha de ser inmediata, en tiempo para que el cliente tome la deci-

sión que éste interese sobre los procedimientos disponibles para revisarla. Por lo tanto, no informar al cliente inmediatamente de una sentencia de archivo o en sus méritos contraviene lo establecido en el Canon 19, *supra. In re Hernández Nazario*, 159 D.P.R. 63 (2003). En esa ocasión resolvimos que violaron el Canon 19, *supra*, dos abogados quienes, luego de recibir la notificación de la Junta de Síndicos negándose a reconsiderar el caso de su cliente, no se comunicaron con ésta ni le informaron nuevamente sobre su derecho a recurrir y los términos para ello, aun cuando la junta de síndicos también había notificado al cliente de su decisión.

■ Como regla general, en ausencia de un convenio, un abogado que actúa como tal en la celebración de un juicio o en los trámites judiciales seguidos en un tribunal de primera instancia, no tiene la obligación para con su cliente de continuar como abogado en los tármites de apelación, una vez dictada sentencia. *Pueblo v. Jiménez*, 77 D.P.R. 687, 691 (1954). *Esta norma nunca debe confundirse con la responsabilidad que existe de salvaguardar el derecho de apelar. Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984). Ésta existe independientemente de que haya o no pacto al respecto, porque surge del deber de todo abogado de comunicar a su cliente todo asunto importante y de ofrecer una labor idónea, responsable y diligente, según disponen los citados Cánones 18 y 19.

### III

En la vista en su fondo, celebrada por el Comisionado Especial, el licenciado Roca testificó que, además de desconocer la práctica apelativa, el hecho de estar desempeñándose como catedrático y asesor de la Cruz Roja Americana fue el motivo para que no apelara la sentencia. Además, en su contestación al informe suplementario del Procurador General de 14 de noviembre de 2002, indicó que cuando

recogió su correspondencia y supo de la sentencia del foro de instancia, el plazo de reconsideración había vencido y faltaban pocos días para que venciera el término para acudir en alzada, por lo que fue donde sus clientes para indicarles que debían "inmediatamente buscar un abogado para que le preparara el escrito de apelación". Esta versión no fue creída por el comisionado, quien concluyó en sus determinaciones de hechos que cuando el licenciado Roca notificó a sus clientes del fallo en su contra, ya habían vencido todos los términos para recurrir de la sentencia.

Al no informar a sus clientes sobre el fallo en su contra, el licenciado Roca impidió que éstos ejercieran su derecho a apelar. Aunque el propio comisionado especifica que, durante el procedimiento disciplinario, no se sometió prueba sobre la posibilidad de que la sentencia fuera modificada o revocada de haberse acudido en revisión, esto en nada altera el hecho de que la conducta del licenciado Roca violó las normas que rigen nuestra profesión.

■ Nos preocupa, además, un asunto que no debería pasar inadvertido. El licenciado Roca admitió que su práctica legal es limitada, que no tiene conocimientos sobre trámites apelativos y que su tiempo lo dedica a la cátedra y a laborar en la Cruz Roja Americana. Estas circunstancias propiciaron que el caso de los querellantes quedase relegado a un segundo plano. Hacemos hincapié en que el abogado que practica la profesión tan sólo a tiempo parcial no está exento de cumplir fielmente con sus deberes profesionales. Independientemente de la carga de otros trabajos no legales, el abogado debe desplegar diligencia y rendir una labor idónea. De lo contrario, la sensatez lo obliga a no aceptar la representación del cliente. El ejercicio de la abogacía requiere en todo momento celo, cuidado y prudencia. *In re Filardi Guzmán*, 144 D.P.R. 710 (1998).

En este caso, la falta cometida por el licenciado Roca tuvo consecuencias, a todas luces, irreversibles. La senten-

cia contra sus clientes es ya final y firme, por lo que han sido privados de su derecho de apelación. Resolvemos que con su conducta el licenciado Roca violó los Cánones 18 y 19 del Código de Ética Profesional, *supra*. Tomando en consideración que ésta es la primera querella presentada contra el licenciado Roca, que fue una conducta aislada y que durante el tiempo de los hechos por los cuales se originó esta querella estaba lidiando con la enfermedad de su hijo, *lo suspendemos del ejercicio de la abogacía por el término de seis meses, a partir de la notificación de esta opinión, y lo apercibimos de que el incumplimiento con sus deberes profesionales en el futuro puede conllevar una sanción más severa.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez disintió sin opinión escrita, por entender que no es procedente disciplinar al querellado por violación al citado Canon 19, pues no fue presentado cargo alguno por el Procurador General por virtud de éste y porque, por imperativo del debido proceso de ley, estamos impedidos de hacerlo. Por esa razón entiende que la sanción impuesta es excesiva. El Juez Asociado Señor Corrada Del Río no intervino.