EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Mónica del C. Díaz Nieves<br>Yolanda Díaz Rivera | 2013 TSPR 150<br><br>189 DPR ____ |

Número del Caso: CP-2012-3

Fecha: 13 de diciembre de 2013

Comisionado Especial:

      Hon. Carlos Dávila Vélez

Oficina de la Procuradora General:

      Lcda. Tatiana Grajales Torruellas
      Subprocuradora General

      Lcda. Edna E. Rodríguez Benítez
      Procuradora General Auxiliar

Abogada de la Querellada (Lcda. Mónica del C. Díaz):

      Lcda. María del C. Guerrero Espada

Por derecho propio:

      Lcda. Yolanda Díaz Rivera

Materia: Conducta Profesional – La suspensión de la Lcda. Mónica del C. Díaz Nieves será efectiva el 18 de diciembre de 2013, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mónica del C. Díaz Nieves          CP-2012-003
Yolanda Díaz Rivera

PER CURIAM

En San Juan, Puerto Rico, a 13 de diciembre de 2013.

El 4 de febrero de 2010, la Sra. Gwenneth O. Stapleton Liburd presentó una queja contra la Lcda. Mónica del C. Díaz Nieves y la Lcda. Yolanda Díaz Rivera. La licenciada Díaz Nieves fue admitida al ejercicio de la abogacía el 6 de marzo de 2000 y al ejercicio del notariado el 23 de junio de 2004. Por su parte, la licenciada Díaz Rivera fue admitida al ejercicio de la abogacía el 6 de agosto de 2002 y a la notaría el 8 de junio de 2004.

En síntesis, la señora Stapleton Liburd relató que, luego de presentar una acción civil de daños y perjuicios en representación de esta, la licenciada

Díaz Nieves no diligenció los emplazamientos dentro del término de seis meses dispuesto en la Regla 4.3(b) de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III. Ello provocó que el Tribunal de Primera Instancia desestimara la acción con perjuicio. La licenciada Díaz Nieves no informó a la señora Stapleton Liburd sobre la sentencia recaída. Tampoco le expresó que no continuaría representándola ni que refirió el caso y entregó el expediente a su prima, la licenciada Díaz Rivera. Por su parte, la licenciada Díaz Rivera presentó un recurso de apelación luego que expiró el término de treinta días establecido en la Regla 53.1(c) de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, para recurrir al Tribunal de Apelaciones, lo que causó que ese foro desestimara el recurso por falta de jurisdicción.

Por los hechos y fundamentos que discutimos a continuación ordenamos la suspensión de un año de la práctica de la profesión de la licenciada Díaz Nieves, y amonestamos a la licenciada Díaz Rivera, con un apercibimiento de sanciones ulteriores si vuelve a violar el Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

I

El 29 de abril de 2006, la señora Stapleton Liburd sufrió un accidente de tránsito mientras viajaba en un vehículo de transporte público conducido por su dueño, el Sr. Vicente Álamo Tapia. Pocos días después, la señora Stapleton Liburd informó del accidente y los daños sufridos a la licenciada Díaz Nieves, para quien trabajaba como

empleada doméstica. Esta le contestó que presentaría una demanda.

El 27 de abril de 2007, la licenciada Díaz Nieves, en representación de la señora Stapleton Liburd, presentó una demanda de daños y perjuicios en el Tribunal de Primera Instancia, Sala de San Juan, (Civil Núm. KDP2007-0527) contra el señor Álamo Tapia y otros. Ese mismo día, la secretaría de ese tribunal expidió los emplazamientos correspondientes, y la licenciada Díaz Nieves los entregó al Sr. Nelson Negroni para su diligenciamiento.

Luego de presentar la demanda, la licenciada Díaz Nieves solicitó al Comisionado de Seguros que le certificara si existía o no una póliza de responsabilidad pública a nombre del demandado, el señor Álamo Tapia. El funcionario le notificó que el señor Álamo Tapia no tenía una póliza de responsabilidad pública. Además, la licenciada Díaz Nieves contactó al Lcdo. Emilio Cancio Bello, quien había presentado una demanda contra el señor Álamo Tapia por los mismos hechos, pero en representación de otra víctima. En ese momento, advino en conocimiento de que el licenciado Cancio Bello desistió del pleito debido a que el señor Álamo Tapia carecía de bienes con los cuales responder.

La licenciada Díaz Nieves no veló por que se diligenciaran los emplazamientos. El día antes de vencer el término dispuesto por ley para diligenciarlos, el señor Negroni los devolvió a la licenciada Díaz Nieves sin haber tomado acción alguna sobre ellos. La licenciada Díaz Nieves

no presentó una solicitud de prórroga para emplazar. Alegó que su omisión se debió a la situación de abuso y violencia doméstica por la que supuestamente atravesaba su matrimonio desde el 2003 y que, según ella, aun imperaba en su hogar.

El 27 de noviembre de 2007, el foro primario emitió una sentencia que desestimó la demanda de la señora Stapleton Liburd, **con perjuicio**, bajo la derogada Regla 4.3(b) de Procedimiento Civil de 1979, supra, por no haber diligenciado los emplazamientos dentro del término de seis meses dispuesto para ello. El 30 de noviembre de 2007, se notificó la sentencia a la licenciada Díaz Nieves y a la señora Stapleton Liburd. Sin embargo, la señora Stapleton Liburd, natural de la isla de Nevis y sin saber leer el idioma español, no comprendió su contenido. A pesar de conocer este hecho, la licenciada Díaz Nieves nunca se comunicó con su clienta para informarle sobre la sentencia recaída ni para justificar su falta de diligencia.

Durante el mes de noviembre de 2007, la licenciada Díaz Nieves se comunicó con su prima hermana, la licenciada Díaz Rivera, y le expresó que no podía continuar con la representación legal de la señora Stapleton Liburd dado que su situación personal no se lo permitía. Además, le solicitó que continuara con el caso, a lo que la licenciada Díaz Rivera contestó que no lo haría sin antes entrevistar a la señora Stapleton Liburd y sin que la licenciada Díaz Nieves solicitara al tribunal su relevo como abogada de la parte demandante.

La licenciada Díaz Nieves no se comunicó con la señora Stapleton Liburd para informarle sobre la situación personal que le impedía continuar representándola. Tampoco le informó sobre el estado de los procedimientos ni contó con su autorización para entregar el expediente del caso a la licenciada Díaz Rivera. Fue la licenciada Díaz Rivera quien, al citar a la señora Stapleton Liburd para una entrevista, le informó sobre el problema que impedía a la licenciada Díaz Nieves continuar representándola y sobre la sentencia emitida por el foro primario el 27 de noviembre de 2007. En ese momento, la licenciada Díaz Rivera se ofreció a representar a la señora Stapleton Liburd en caso de que el tribunal relevara a su actual representante legal, la licenciada Díaz Nieves.

El 7 de diciembre de 2007, la licenciada Díaz Rivera presentó en el Tribunal de Primera Instancia una moción de reconsideración, expedición de nuevos emplazamientos y orden de renuncia a la actual representación legal. El foro primario rechazó de plano esa moción. Esa orden se notificó el 17 de diciembre de 2007.

Ante dicha determinación, la licenciada Díaz Rivera se comunicó con la señora Stapleton Liburd para orientarla en cuanto a la decisión del foro primario y para que buscara una nueva representación legal ante el Tribunal de Apelaciones, lo cual no hizo. Luego de esfuerzos infructuosos por parte de la licenciada Díaz Rivera para hallar algún abogado que accediera a llevar el pleito, asumió la representación legal de la señora Stapleton

Liburd ante el foro apelativo intermedio. No surge del expediente la fecha precisa en que la licenciada Díaz Rivera acepta esa encomienda.

El 16 de enero de 2008, la licenciada Díaz Rivera presentó un recurso de apelación ante el Tribunal de Apelaciones. Sin embargo, el término de 30 días para solicitar revisión ante ese foro, según dispuesto en la entonces vigente Regla 53.1(c) de Procedimiento Civil de 1979, supra, había expirado el 2 de enero de 2008. Es por ello que el foro apelativo intermedio emitió una sentencia en la que desestimó el recurso de apelación por falta de jurisdicción. Basó su determinación en que el término para apelar conforme lo dispuesto por la derogada Regla 47 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, no quedó interrumpido, pues la moción de reconsideración se rechazó de plano.

Por todo lo antes descrito y por quedar la señora Stapleton Liburd impedida de reclamar por los daños que sufrió tras su accidente, esta presentó una queja contra las licenciadas Díaz Nieves y Díaz Rivera ante este Tribunal por haber violado las exigencias del Código de Ética Profesional, supra. Luego de varios trámites procesales, el 12 de marzo de 2012 se presentó una querella contra las licenciadas Díaz Nieves y Díaz Rivera. En la querella, se le imputó a ambas violar los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, supra.

Mediante Resolución de 4 de octubre de 2012, designamos al Hon. Carlos Dávila Vélez, ex juez del

Tribunal de Primera Instancia, como comisionado especial para que recibiera la prueba necesaria y rindiera el informe sobre los hechos en controversia. El comisionado especial presentó ante este Foro un informe en el cual concluyó que la licenciada Díaz Nieves violó los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, supra, y que, por su parte, la licenciada Díaz Rivera violó únicamente los Cánones 12, 18 y 38 de ese código. Coincidimos con la determinación del comisionado en cuanto a la licenciada Díaz Nieves, y parcialmente en cuanto a la licenciada Díaz Rivera. Sometido el caso ante nuestra consideración, pasamos a evaluar la controversia que nos ocupa.

II

El Canon 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, impone a todo abogado el deber de puntualidad y diligencia al tramitar las causas y la obligación de realizar las gestiones encomendadas con el mayor grado de responsabilidad, para evitar entorpecer su resolución. In re Nieves Nieves, 181 D.P.R. 25, 35 (2011). Véase, además, In re López Montalvo, 173 D.P.R. 193, 200 (2008). En lo aquí pertinente, el Canon 12, supra, dispone:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos, ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas. **Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.** (Énfasis suplido.)

El deber que recoge el Canon 12, supra, se extiende a todas las etapas de un litigio. In re Nieves Nieves, supra, pág. 36. Véanse, además: In re Collazo I, 159 D.P.R. 141, 148 (2003); In re Pagán Hernández, 141 D.P.R. 113, 118 (1996). Las actuaciones u omisiones de un abogado no deben poner en riesgo el resultado del pleito ni los derechos de su cliente. In re Valentín Custodio, 187 D.P.R. 529, 543 (2012). Véase, además: In re Pietri Castellón, 185 D.P.R. 982, 991 (2012). Así, el comportamiento de todo abogado debe descansar en "el fiel cumplimiento de la ley y el respeto al poder judicial". In re Nieves Nieves, supra, pág. 36; In re Díaz Alonso Jr., 115 D.P.R. 755, 162 (1984).

La falta de diligencia de la licenciada Díaz Nieves se manifestó cuando omitió emplazar a la parte demandada dentro del término dispuesto luego de presentar una demanda en representación de la señora Stapleton Liburd. Después de entregar los emplazamientos al señor Negroni para su diligenciamiento, la licenciada Díaz Nieves no dio seguimiento a la gestión delegada ni solicitó una prórroga cuando advino en conocimiento de que los emplazamientos no fueron diligenciados. Su omisión causó que el foro primario desestimara la acción con perjuicio, lo que resultó en una grave lesión a los intereses de la señora Stapleton Liburd. Todo ello consiste en una clara violación al Canon 12, supra.

Por otra parte, la licenciada Díaz Rivera presentó un recurso de apelación vencido el término que dispone la ley. Esa conducta denota falta de diligencia al tramitar la

causa de acción de su cliente. Sin embargo, de la prueba no se desprende el momento preciso en el que la licenciada Díaz Rivera aceptó acudir en apelación. Es decir, no se estableció cuándo comenzó la relación abogado-cliente con relación a esa apelación.

Por esa razón, no estamos en posición de concluir que la licenciada Díaz Rivera tenía un deber de presentar el recurso de apelación a tiempo, pues no sabemos si esta aceptó llevar la apelación antes o después de expirado el término para ello. No nos cabe duda de que la licenciada Díaz Rivera se adicionó a la representación legal de la señora Stapleton Liburd al presentar una moción de reconsideración ante el foro primario, independientemente del resultado de esa moción. No obstante, esa obligación cesó cuando se agotaron los recursos ante ese foro, pues un abogado que gestiona un caso en el Tribunal de Primera Instancia no está obligado a continuar representando a su cliente en los trámites de una apelación. In re Roca Rosselli, 164 D.P.R. 380, 387 (2005).

Luego de que la señora Stapleton Liburd acudió por segunda vez ante la licenciada Díaz Rivera, esta contrajo una nueva obligación con su clienta ante el foro apelativo intermedio. Es entonces cuando surgió el deber de diligencia y puntualidad que exige el Canon 12, supra, ante ese foro. De haber contraído la obligación dentro de los treinta días jurisdiccionales para presentar el recurso de apelación, evidentemente, la licenciada Díaz Rivera debía presentar el recurso a tiempo, conforme las exigencias del

Canon 12, supra. Sin embargo, no contamos con evidencia que satisfaga el quantum de prueba requerido en estos casos —prueba clara, robusta y convincente— para establecer si ese deber surgió antes o después de que expiró el término para apelar. Véase In re García Ortiz, 187 D.P.R. 507, 521 (2012).

Por ende, aunque la licenciada Díaz Rivera no tiene excusa para presentar un recurso tardío, faltan datos para concluir que violó el deber de diligencia. De haber asumido la representación en esa etapa después que venció el plazo para apelar, la presentación tardía del recurso no podía causar una dilación indebida en el trámite y solución del pleito. Este es elemento necesario para determinar que se violó el Canon 12, supra.

III

El Canon 18 del Código de Ética Profesional, 4 L.P.R.A. ap. IX, establece que

> [s]erá impropio de un abogado asumir una representación profesional cuando está (sic) consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> **Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.** (Énfasis suplido.)

De ello se desprende el deber de todo abogado de "rendir una labor idónea de competencia y diligencia en relación con los asuntos de su cliente". In re Franco

Rivera, 169 D.P.R. 237, 259 (2006). Hemos manifestado que "aquella actuación negligente que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso, se configura violatoria del Canon 18 de los Cánones de Ética Profesional". In re Nieves Nieves, supra, pág. 37; In re Pujol Thompson, 171 D.P.R. 683, 689 (2007). La indiferencia, desidia e inacción al tramitar un caso son contrarias al deber que recoge el citado canon. In re Amill Acosta, 181 D.P.R. 934, 940 (2011). Véanse, además: In re Rodríguez Lugo, 175 D.P.R. 1023, 1028 (2009); In re Pizarro Colón, 151 D.P.R. 94, 105 (2000).

Anteriormente, este Tribunal ha señalado como actuaciones que violan el deber de diligencia y competencia que recoge el Canon 18, supra, no contestar planteamientos fundamentales, ignorar órdenes emitidas por el tribunal, cometer errores crasos, desatender o abandonar los trámites del caso y permitir, mediante cualquier actuación negligente, que la acción se desestime sin realizar esfuerzos para evitarlo. In re Vega Quintana, Op. de 29 de mayo de 2013, 2013 T.S.P.R. 62, 2013 J.T.S. 65, 188 D.P.R. __ (2013). Véanse, además: In re Rodríguez Villalba, 160 D.P.R. 774, 780 (2003); In re Vilches López, 170 D.P.R. 793, 798 (2007).

Además, hemos suspendido de la profesión a abogados que faltaron a su deber de diligencia al causar la pérdida de la causa de acción de sus representados. Véanse: In re Ortiz Velázquez, 145 D.P.R. 308 (1998); In re Arroyo Rivera, 148 D.P.R. 354 (1999). En In re Rosado Cruz, 142

D.P.R. 957, 961 (1997), expresamos que

> la conducta del querellado al omitir diligenciar los emplazamientos dentro del término correspondiente, resultando ello en la desestimación con perjuicio de la causa de acción de la quejosa, incide con las disposiciones del Canon 18, *supra*, el cual obliga a todo abogado a rendir una labor idónea y competente en todo momento.

Por otra parte, al aceptar una encomienda apelativa, el abogado que no posea los conocimientos procesales y sustantivos necesarios para gestionarla adecuadamente ni la preparación que requiere la presentación de un recurso apelativo demuestra falta de diligencia, contrario a lo exigido por el Canon 18 del Código de Ética Profesional, supra. In re Vélez Valentín, 124 D.P.R. 403, 409 (1989); Colón Prieto v. Géigel, 115 D.P.R. 232, 239 (1984). Así, hemos establecido que permitir que expire el término para presentar un recurso de apelación es una conducta que entraña una violación al deber de diligencia. In re De León Rodríguez, 173 D.P.R. 80, 89 (2008). Véase In re Pujol Thompson, supra, pág 689.

La licenciada Díaz Nieves, tenía el deber ineludible de proteger los intereses de la señora Stapleton Liburd desde que ofreció representarla. Consideramos que la licenciada Díaz Nieves violó el Canon 18, supra, al no desempeñarse con la competencia debida y no diligenciar los emplazamientos dentro del término de seis meses que disponían las Reglas de Procedimiento Civil de 1979, supra. El hecho de haber delegado esa encomienda al señor Negroni, quien había realizado ese tipo de tareas en el pasado, no

la relevó de cumplir con su obligación. Ella debió dar seguimiento al señor Negroni para asegurarse de que el tribunal adquiriera jurisdicción sobre la persona del demandado dentro del término requerido.

La inacción de la licenciada Díaz Nieves tuvo el efecto de que el pleito se desestimara **con perjuicio**, sin realizar esfuerzo alguno para evitarlo. Su situación personal no justifica que haya desatendido el caso. La licenciada Díaz Nieves violó el Canon 18, supra. Además de su falta de diligencia y competencia al no defender los intereses de la señora Stapleton Liburd, asumió la representación legal consciente de que no podía rendir una labor idónea y competente, pues ella misma declara que enfrentaba problemas matrimoniales desde tres años antes de aceptar la encomienda.

Por su parte, la licenciada Díaz Rivera faltó al deber de competencia al presentar un recurso de apelación a destiempo. Como mencionamos anteriormente, este Tribunal no tiene suficiente prueba ante sí para determinar el momento preciso en que se originó la relación abogado-cliente entre la licenciada Díaz Rivera y la señora Stapleton Liburd **ante el Tribunal de Apelaciones**. Únicamente conocemos que, culminado el proceso ante el foro primario, la licenciada Díaz Rivera rechazó continuar con la representación legal de la señora Stapleton Liburd ante el foro apelativo intermedio. No fue hasta que la señora Stapleton Liburd se presentó por segunda vez ante ella y desprovista de un abogado, que la licenciada Díaz Rivera accedió a presentar

el recurso de apelación.

Independientemente de que la licenciada Díaz Rivera haya aceptado la encomienda para apelar antes o después de vencido el término para ello, demostró una clara falta de competencia, en violación del Canon 18, supra. Por tratarse de un término jurisdiccional, la licenciada Díaz Rivera sabía o debía saber que el foro apelativo intermedio no gozaba de discreción para atender un recurso de apelación tardío. Véanse: Peerless Oil v. Hermanos Pérez, 186 D.P.R. 239, 252-253 (2012); Jorge E. Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1, 7 (2000). Aun así, se basó en fundamentos desacertados para presentar un recurso improcedente.

Es meritorio aclarar que la licenciada Díaz Rivera no estaba obligada a representar a la señora Stapleton Liburd ante el Tribunal de Apelaciones. Sin embargo, ello no justifica su falta de competencia. La licenciada Díaz Rivera voluntariamente aceptó la encomienda apelativa. Al aceptarla, dio inicio a una relación de abogado-cliente con la señora Stapleton Liburd, la cual ameritaba que se empleara una conducta que cumpliera con las exigencias mínimas de los Cánones del Código de Ética Profesional, supra. Es por ello que consideramos que la licenciada Díaz Rivera faltó al deber de competencia que impone el Canon 18, supra.

IV

En esencia, el Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado

"debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". Este deber "es un elemento imprescindible de la relación fiduciaria del abogado y el cliente" que nace al momento en que el abogado acepta tramitar la reclamación de su cliente y termina cuando finaliza la representación legal. In re Nieves Nieves, supra, pág.39. Véase, además, In re Franco Rivera, supra, pág. 261. Es por ello que mantener a un cliente ajeno a las incidencias del pleito lesiona el Canon 19, supra, y el proceso general de impartir justicia. In re Nieves Nieves, supra, pág. 39.

Este Tribunal ha expresado que toda comunicación del abogado hacia sus clientes debe ser directa y efectiva, no a través de terceros. In re Maduro Classen, 137 D.P.R. 426, 432 (1994). Esa obligación, que se le impone únicamente al abogado y no así al cliente, consiste en

> mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo, consultándole cualquier duda sobre asuntos que no caigan en el ámbito discrecional, y dentro de los medios permisibles, cumplir con sus instrucciones. In re Franco Rivera, supra, págs. 260-261, citando a In re Acosta Grubb, 119 D.P.R. 595, 603 (1987).

Véanse, además: In re Ortiz Morales, 166 D.P.R. 105, 116-117 (2005); In re Laureano Molina, 161 D.P.R. 58, 63-64 (2004); In re Román Rodríguez, 152 D.P.R. 520, 527 (2000); In re Ortiz Velázquez, 152 D.P.R. 520, 313 (2000); In re Avilés Vega, 141 D.P.R. 627, 633 (1996).

En In re Vélez Valentín, supra, pág. 410, expresamos que un abogado que falle en alguna encomienda debe comunicarlo a su cliente. El deber de mantener informado al cliente abarca todo tipo de asunto importante durante la tramitación de un caso, aun en instancias donde el resultado sea adverso a los derechos del cliente y se torne fútil continuar el trámite procesal. Íd. Por ello, hemos resuelto que un abogado tiene el deber ético de notificar a su cliente la desestimación de la acción. In re Acevedo Álvarez, 143 D.P.R. 293, 298 (1997); In re Pérez Santiago, 131 D.P.R. 676, 693 (1992).

La licenciada Díaz Nieves infringió el Canon 19, supra. Ella no le informó a la señora Stapleton Liburd sobre la sentencia del foro primario que desestimó el pleito con perjuicio. Tampoco le explicó la razón por la cual no diligenció el emplazamiento ni el efecto que ello tuvo sobre el caso. Más aun, la licenciada Díaz Nieves nunca le comunicó a su clienta que enfrentaba problemas personales que le impedían continuar representándola ni le consultó la alternativa de referir el caso a la licenciada Díaz Rivera. Todos los asuntos mencionados eran altamente pertinentes y merecían ser comunicados a la señora Stapleton Liburd, quien estuvo ajena al desarrollo de su caso a nivel de primera instancia. Por ello, concluimos que la licenciada Díaz Nieves violó el referido canon.

En cuanto a la licenciada Díaz Rivera, no podemos llegar a la misma conclusión. El cargo que se le imputa en la querella consiste en incumplir con el deber

personalísimo de mantener a la señora Stapleton Liburd informada del resultado de su gestión profesional **ante el Tribunal de Apelaciones**. La licenciada Díaz Rivera mantuvo comunicación con la señora Stapleton Liburd durante el trámite ante el foro apelativo intermedio. Asimismo, le notificó de la determinación adversa de ese foro, por lo que cumplió con el deber que impone el Canon 19, <u>supra</u>.

V

El Canon 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone, en lo pertinente, que

> [c]uando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.
>
> Antes de renunciar a la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.

En supuestos en los que, por razones justificadas, existan motivos que impidan brindar una representación adecuada a su cliente, el abogado está obligado a presentar ante el tribunal una moción para solicitar la renuncia a la representación legal y tomar las medidas necesarias para

evitar que se lesionen los derechos del representado[1]. In re Guadalupe Díaz, 155 D.P.R. 135, 156 (2001). Una actuación contraria constituye "un craso error de juicio, que implica una violación al Canon 20, supra". Íd.

Mientras el tribunal no releve al abogado de su responsabilidad, éste tiene el deber insoslayable de realizar su gestión profesional y exhibir el más alto grado de competencia y diligencia posible a tenor con las exigencias del Código de Ética Profesional, supra. In re Torres Muñoz, 174 D.P.R. 907, 916 (2008). Véase Lluch v. España Service Sta., 117 D.P.R. 729, 752 (1986).

Por otra parte, este Tribunal ha expresado que

> [c]omo regla general, en ausencia de un convenio, un abogado que actúa como tal en la celebración de un juicio o en los trámites judiciales seguidos en un tribunal de primera instancia, no tiene la obligación para con su cliente de continuar como abogado en los trámites [sic] de apelación, una vez dictada sentencia. In re Roca Rosselli, supra, pág. 387.

Véase, además, Pueblo v. Jiménez, 77 D.P.R. 687, 691 (1954).

No obstante, esa norma no guarda relación con la responsabilidad que ostenta un abogado de salvaguardar el derecho de su cliente a apelar. In re Roca Rosselli, supra,

---

[1] Luego de que ocurrieron los hechos, con la aprobación de las Reglas de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, se introdujo la Regla 9.2 que establece que el abogado que interese renunciar a la representación legal deberá presentar su solicitud mediante moción escrita y, entre otras cosas, hacer constar que notificó a su cliente la intención de renunciar a su representación y que cumplió con las exigencias del Código de Ética Profesional, supra. Véase, además, Regla 19 de Administración del Tribunal de Primera Instancia, 4 L.P.R.A. Ap. IIB.

pág. 387. Véase, además, <u>Colón Prieto v. Géigel</u>, <u>supra</u>, pág. 241. Esa responsabilidad existe aun sin haberla pactado, pues surge del deber de ofrecer una labor idónea, responsable y diligente (Canon 18, <u>supra</u>), y de mantener al cliente informado (Canon 19, <u>supra</u>). <u>In re Roca Rosselli</u>, <u>supra</u>, pág. 387. Es por ello que, mientras un tribunal no acepte la renuncia de un abogado en un caso, el deber de diligencia lo obliga a apercibir a su cliente de su derecho a apelar y asesorarlo al respecto.

En el caso que nos ocupa, la licenciada Díaz Nieves violentó el Canon 20, <u>supra</u>, debido a que abandonó la representación de su clienta sin antes presentar una moción de renuncia ante el tribunal. Además, no le comunicó a su clienta que no continuaría representándola ni la asesoró sobre las alternativas disponibles y los términos que corrían en su contra. En fin, la licenciada Díaz Nieves se desvinculó del caso de la señora Stapleton Liburd por su cuenta, sin tomar las medidas razonables para evitar causarle perjuicio y sin seguir el procedimiento dispuesto para ello. Como mínimo, la licenciada Díaz Nieves debió presentar oportunamente una moción de renuncia de representación legal y, hasta que el tribunal aceptara su renuncia, continuar la representación de la señora Stapleton Liburd con la mayor diligencia y competencia posible. Era su deber preservar la causa de acción de su clienta.

Por otro lado, consideramos que la licenciada Díaz Rivera no incurrió en una violación del Canon 20, <u>supra</u>.

Ella nunca abandonó las responsabilidades que tenía con la señora Stapleton Liburd en el Tribunal de Primera Instancia y, posteriormente, ante el foro apelativo intermedio. La licenciada Díaz Rivera se convirtió en la representación legal de la señora Stapleton Liburd, conjuntamente con la licenciada Díaz Nieves, al presentar una moción de reconsideración ante el Tribunal de Primera Instancia. Para ello no importa que el tribunal rechazara la moción de renuncia de la otra abogada.

La licenciada Díaz Rivera cumplió con sus deberes éticos y con sus responsabilidades hasta que cesó el trámite en el foro primario. Esta no tenía una obligación de renunciar. Asimismo, notificó a su clienta de la respuesta de ese foro a la moción de reconsideración y le advirtió de su derecho a acudir en apelación. Además, la orientó para que buscara una nueva representación legal para acudir en apelación. De esa forma, cesaron las responsabilidades de la licenciada Díaz Rivera con la señora Stapleton Liburd ante el Tribunal de Primera Instancia. Si la prueba hubiese establecido que la licenciada Díaz Rivera no cumplió con alguno de los requerimientos específicos del Canon 20, supra, concluiríamos que ella no salvaguardó el derecho de su clienta a apelar y que, por ende, violó ese canon.

En un momento posterior que la prueba no establece con precisión, la licenciada Díaz Rivera asumió la representación legal de la señora Stapleton Liburd para acudir al Tribunal de Apelaciones. Desde entonces, le

correspondía a la licenciada Díaz Rivera realizar sus gestiones profesionales hasta que culminara el trámite procesal ante el foro apelativo intermedio. Así lo hizo, pues cumplió con sus responsabilidades hasta que ese foro notificó una resolución declarándose sin jurisdicción. Es por ello que la licenciada Díaz Rivera no tenía un deber de renunciar.

VI

El Canon 38 del Código de Ética Profesional, 4 L.P.R.A. ap. IX, establece lo siguiente:

> El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. **En su conducta como funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia**….
>
> Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. En observancia de tal conducta, el abogado debe abstenerse en absoluto de aconsejar y asesorar a sus clientes en otra forma que no sea el fiel cumplimiento de la ley y el respeto al poder judicial y a los organismos administrativos. (Énfasis suplido.)

Los abogados tienen una responsabilidad moral y ética que los obliga a examinar su comportamiento continuamente. In re Nieves Nieves, supra, pág. 45. Véase, además, In re Rodríguez Vázquez, 176 D.P.R. 168, 177 (2009). Por ser "el espejo donde se refleja la imagen de la profesión", los abogados deben conducirse de forma digna y honorable, y

actuar con el más alto nivel de responsabilidad que requiere la profesión. Íd. Más aun, hemos reiterado que

> los abogados son funcionarios del Tribunal y ministros ordenados de la justicia y, como tales, sus actuaciones deben estar encaminadas a mantener un orden jurídico íntegro y eficaz, 'orientado esencialmente por los principios de vida democrática y de respeto a la inviolable dignidad del ser humano'. In re Cuyar Fernández, 163 D.P.R. 113, 117 (2004), citando a In re Santiago Rodríguez, 160 D.P.R. 245, 254 (2003).

En la querella ante nos, la licenciada Díaz Nieves no emplazó oportunamente a la parte demandada, no mantuvo a su clienta, la señora Stapletonn Liburd, informada del desarrollo de su causa de acción, renunció a su representación legal sin obtener el permiso del tribunal, no le comunicó su intención de cesar representándola en el pleito y no la asesoró sobre su derecho a apelar o a buscar un nuevo abogado que gestionara el trámite apelativo.

Todo eso resultó en un grave perjuicio para la señora Stapleton Liburd, quien finalmente quedó desprovista de un remedio. La licenciada Díaz Nieves mostró una falta de responsabilidad y conducta impropia en el manejo del caso. Esa conducta en nada salvaguarda la integridad que exige la profesión de la abogacía y que requiere el Canon 38, supra. En vista de lo anterior, concluimos que la licenciada Díaz Nieves violó las exigencias del citado canon.

Llegamos a la misma conclusión en cuanto a la licenciada Díaz Rivera, quien presentó un recurso de apelación fuera de término que dejó al foro apelativo sin jurisdicción.

La conducta de ambas querelladas causó un daño a la señora Stapleton Liburd, pues desvanecieron los recursos disponibles para que esta intentara revivir su causa de acción. Independientemente de su intención y las razones para actuar así, el desempeño de las licenciadas Díaz Nieves y Díaz Rivera fue irresponsable. Además, ambas abogadas afectaron el honor y la imagen de la profesión legal al no resguardar la confianza que la señora Stapleton Liburd depositó en ellas, reflejo de la confianza que la profesión aspira generar en toda persona.

VII

Resta entonces determinar la sanción que debemos imponer a las querelladas. Anteriormente, hemos expresado que "[p]ara imponer una sanción disciplinaria a un abogado por conducta impropia, es necesario considerar el previo historial del abogado; si éste goza de buena reputación; la aceptación de la falta y su sincero arrepentimiento; si fue realizada con ánimo de lucro; y cualquier otro factor pertinente a los hechos". In re Amill Acosta, supra, pág. 944. Véanse, además: In re Rodríguez Lugo, 175 D.P.R. 1023, 1032 (2009); In re Vilches López, supra, pág. 801.

Ambas querelladas alegan la presencia de ciertos hechos que constituyen atenuantes. Conviene señalarlos.

En una moción presentada el 19 de abril de 2013, la licenciada Díaz Nieves aceptó que no emplazó dentro del término que correspondía ni solicitó prórroga para hacerlo por un error de juicio e inadvertencia al no dar el adecuado seguimiento al emplazador. También reconoció que

no podía rendir una labor idónea y competente a su clienta debido a su situación personal. Por eso, acepta que erró al no presentar una moción de renuncia ante el tribunal. Asimismo, en varias comparecencias, la licenciada Díaz Nieves expresó su sincero arrepentimiento y pidió disculpas tanto a la querellante como a este Tribunal.

Por su parte, el 30 de agosto de 2013, la licenciada Díaz Rivera presentó una moción en la que reconoció que erró al presentar el recurso de apelación fuera del término que establecen las Reglas de Procedimiento Civil de 1979, supra. De igual forma, pidió disculpas al respecto. Además, esta es la primera falta de la licenciada Díaz Rivera desde que ingresó a la profesión. En ocasiones anteriores, hemos reconocido que ese hecho constituye un atenuante que debe tomarse en consideración. In re Amill Acosta, supra, págs. 944-945. Véase, además, In re Rodríguez Feliciano, 165 D.P.R. 565, 582 (2005).

Sin embargo, no podemos decir lo mismo de la licenciada Díaz Nieves. Según surge del expediente, el 2 de noviembre de 2009, el Tribunal Federal para el Distrito de Puerto Rico suspendió indefinidamente a la licenciada Díaz Nieves de la práctica de la abogacía en ese foro. In re Mónica del Carmen Díaz Nieves, USDC-PR No. 217412, 08-0123. La suspensión disciplinaria se debió a que en el caso García v. State of Florida, Civil No. 07-1940, ella no mantuvo informado a su cliente, no diligenció los emplazamientos ni hizo gestión alguna en el manejo del caso, lo que causó que la acción se desestimara sin

perjuicio. El 27 de abril de 2012, ordenamos el archivo de la queja presentada ante este Tribunal por los mismos hechos. Eso significa que los hechos no motivaban una suspensión adicional a la que decretó el foro federal. Sin embargo, la suspensión disciplinaria de la licenciada Díaz Nieves en el foro federal prevalece, por lo que por sí sola constituye un agravante que debemos considerar al imponerle la sanción.

Considerado todo lo anterior, ordenamos la suspensión inmediata de la Lcda. Mónica del C. Díaz Nieves de la práctica de la profesión por el término de un año. Esta violó los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, supra. La querellada deberá notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver los expedientes y honorarios recibidos por trabajos no rendidos en los casos pendientes. Además, deberá notificar oportunamente de la suspensión que hoy se ordena a los foros judiciales y administrativos. Las gestiones antes descritas deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión.

Por su parte, en esta ocasión limitamos la sanción de la Lcda. Yolanda Díaz Rivera a una amonestación por violar los Cánones 18 y 38 del Código de Ética Profesional, supra. Le advertimos que una violación ulterior a las normas mínimas de conducta que exige ese código conllevará una sanción disciplinaria más severa.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mónica del C. Díaz Nieves          CP-2012-003
Yolanda Díaz Rivera

SENTENCIA

En San Juan, Puerto Rico, a 13 de diciembre de 2013.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se ordena la suspensión inmediata de la Lcda. Mónica del C. Díaz Nieves de la práctica de la profesión por el término de un año. Esta violó los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, _supra_. La querellada deberá notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver los expedientes y honorarios recibidos por trabajos no rendidos en los casos pendientes. Además, deberá notificar oportunamente de la suspensión que hoy se ordena a los foros judiciales y administrativos. Las gestiones antes descritas deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión.

Por su parte, en esta ocasión limitamos la sanción de la Lcda. Yolanda Díaz Rivera a una amonestación por violar los Cánones 18 y 38 del Código de Ética Profesional, _supra_. Le advertimos que una violación ulterior a las normas mínimas de conducta que exige ese código conllevará una sanción

disciplinaria más severa.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no intervino.


                          Aida I. Oquendo Graulau
                       Secretaria del Tribunal Supremo